Mit. Justice Westcott
delivered the following opinion on tiie petition for a rehearing:
Upon the evidence, omitting everything that might be excluded upon the ground that it referred to transactions between Asa May, deceased, and the defendant, I think there is enough to show clearly here that the defendant did not in fact assent to any surrender of his possession to Asa May. .
The law, as I understand it applicable to this case, is announced by Chief Justice Taney in Sheldon vs. Myers et al., 20 How., 509, to the effect that it is incumbent on a person dealing with another, who can.neither read nor write, to show past doubt that the ignorant man fully understood the object and import of the writings upon which he is proceeding to charge him. In this case it is not shown that the instrument was read or fully explained to the party unable to read or write and I do not think he can be held bound by the contract. The instrument being removed as evidence, I see no case for the plaintiff.
It seems to me here that the verdict was in conformity to the evidence, that the instructions were really more favorable to the plaintiff than the rule as announced by the Supreme Court of the United States which covers this case, and that to grant a new trial would be action in conflict with the rule sustained by the decisions of this court in the cases cited by the Chief Justice. As to the action of Mr. May, I do not see that he was guilty of any fraud or improper conduct.